IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
SEP - 4 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:09cr284 |
| ) | |
| RICHARD EARL JAENSCH, ) | |
| Defendant. ) | |

## ORDER

The matter came before the Court on defendant's five motions to dismiss, defendant's motion for discovery, and defendant's motion for disclosure of grand jury proceedings. Defendant is charged with unlawfully producing and transferring fraudulent diplomatic credentials in violation of 18 U.S.C. § 1028(a)(1) and 18 U.S.C. § 1028(a)(2). A hearing on defendant's motions was held on September 4, 2009.

Defendant seeks dismissal of this case on several grounds. Specifically, defendant argues that the criminal indictment is insufficient under Rule 12(b)(3), Fed. R. Crim. P., because (i) it charges him with elements not essential to a finding of guilt under the relevant statutes, and (ii) it lacks legally adequate specificity. Moreover, defendant asserts that he cannot constitutionally be charged under the federal statutes because (i) federal courts lack jurisdiction over crimes allegedly arising on state territory, and (ii) Congress's authority to proscribe his conduct is unsupported by the Interstate Commerce Clause of the Constitution of the United States, art. 1, § 8. Finally, defendant moves to dismiss the indictment on the grounds that he was not afforded a probable cause hearing prior to his arraignment.

For reasons stated from the bench, each of defendant's motions to dismiss fails. First, the

indictment is legally sufficient. The indictment does not include elements unnecessary to the offenses charged, and it describes the facts and circumstances of defendant's alleged violations with legally adequate specificity. Second, defendant's constitutional arguments are without merit. Federal courts have jurisdiction over alleged violations of federal laws. *See* U.S. Const., Art. 3, § 1. Moreover, defendant is alleged to have unlawfully transferred possession of a fraudulent diplomatic credential through the mails and across state lines, which clearly constitutes a sufficient nexus with interstate commerce to satisfy the requirements of *United States v. Lopez*, 514 U.S. 549, and *United States v. Morrison*, 529 U.S. 598 (2000). Finally, defendant's assertion that he was denied a probable cause hearing misstates the relevant law. Defendant was indicted by a grand jury, applying the probable cause standard, prior to his arraignment. There is no evidence to suggest that the grand jury was improperly convened. Accordingly, this motion also fails.

Defendant requests disclosure of information related to the grand jury proceedings in this case. He also requests discovery under Rule 16, Fed. R. Crim. P. For reasons stated from the bench, defendant's motion for disclosure of information concerning the grand jury proceedings fails, because criminal defendants are not entitled to such information. Finally, defendant is, indeed, entitled to discovery in accordance with Rule 16, Fed. R. Crim. P. A discovery order pursuant to Rule 16 has already been issued.

Accordingly, for these reasons and for the reasons stated from the Bench,

It is hereby **ORDERED** that defendant's motions to dismiss (Docket Nos. 12, 13, 16, 17 and 22) are hereby **DENIED**.

It is further **ORDERED** that defendant's motion for discovery (Docket No. 14) is

**GRANTED** to the extent of the discovery order already entered (Docket No. 28), and **DENIED** in all other respects.

It is further **ORDERED** that defendant's motion for disclosure of grand jury proceedings (Docket No. 15) is **DENIED**.

The Clerk is directed to send a copy of this Order to all counsel of record and to the *pro se* defendant.

Alexandria, Virginia
September 4, 2009

/s/
T. S. Ellis, III
United States District Judge