IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
OCT 23 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:09cr284 |
| ) | |
| RICHARD EARL JAENSCH, ) | |
| Defendant. ) | |

## ORDER

The matter came before the Court on Janet Lockerby Jaensch's motion to reconsider the order denying her motion to quash subpoenas *duces tecum*. After briefing and oral argument, the Court, by Order dated October 16, 2009, granted the government's request, pursuant to Rule 17(c), for early production by Mrs. Jaensch of handwriting exemplars. *See United States v. Jaensch*, No. 1:09cr284 (E.D. Va. Oct. 16, 2009) (Order). Mrs. Jaensch, by counsel, filed a motion to quash the subpoenas on October 21, 2009. That motion was denied by Order dated October 22, 2009. *See United States v. Jaensch*, No. 1:09cr284 (E.D. Va. Oct. 22, 2009) (Order). Mrs. Jaensch appeared, by counsel, on October 23, 2009, and made an oral motion for reconsideration of the October 22, 2009 Order on two grounds.

First, Mrs. Jaensch renews her argument that she is protected by the spousal testimonial privilege from having to provide the exemplars. This argument was considered and rejected in the October 22, 2009 Order because the Supreme Court has held consistently that handwriting exemplars are not testimonial evidence. *See United States v. Dionisio*, 410 U.S. 1, 6–7 (1973); *Gilbert v. California*, 388 U.S. 263, 266–67 (1967). The case that Mrs. Jaensch now cites for the contrary proposition, far from supporting her argument, in fact explicitly refutes it. *United States*

*v. Hubbell*, 530 U.S. 27, 34 (2000) (citing *Gilbert* approvingly for the proposition that handwriting exemplars are not testimonial evidence). Accordingly, the October 22, 2009 Order correctly concluded that neither the Fifth Amendment nor the spousal testimonial privilege shields Mrs. Jaensch from having to comply with the subpoenas.

Second, Mrs. Jaensch argues that the government has not met the *United States v. Nixon* test for requiring pretrial production of materials under a Rule 17(c) subpoena *duces tecum*. 418 U.S. 683 (1974). *Nixon* requires that the requested materials be (i) relevant, (ii) not otherwise procurable, (iii) required for preparation for trial such that failure to obtain them may tend unreasonably to delay the trial, and (iv) sought in good faith. *Id.* at 699–700. Specifically, Mrs. Jaensch argues that the government has not shown that the exemplars are not otherwise procurable. She contends that the government already has one handwriting exemplar, from a signed passport application and, thus, the several exemplars that the government requests would be redundant. The government responds that its handwriting expert has requested additional exemplars in order to conclude with more certainty that the signature on the allegedly fraudulent identification is, in fact, hers.

As the Court concluded in the October 16, 2009 Order, the government has shown that the *Nixon* factors are met in this instance. Defendant refused to stipulate that the signature on the identification document at issue belongs to Mrs. Jaensch. Accordingly, the government seeks to prove, through expert testimony, that the signature is Mrs. Jaensch's. The government's position that several exemplars would improve the accuracy and persuasiveness of its expert's determination that the signatures match is eminently reasonable. Moreover, the request is made in good faith and does not impose a significant burden on Mrs. Jaensch. Additionally, denying

the government's expert the ability to examine these exemplars prior to trial could unreasonably delay the trial and reduce the accuracy of expert testimony presented at trial. Thus, the motion to quash subpoenas was properly denied.

Accordingly, and for the reasons stated from the bench,

Janet Lockerby Jaensch's oral motion for reconsideration of the Order denying Mrs. Jaensch's motion to quash is hereby **DENIED** and the subpoenas are **IN FORCE**.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
October 23, 2009

/s/
T. S. Ellis, III
United States District Judge