IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

FILED

OCT 2 3 2009

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNITED STATES OF AMERICA          )
                                  )
v.                                )          No. 1:09cr284
                                  )
RICHARD EARL JAENSCH,             )
**Defendant.**                    )

## ORDER

The matter came before the Court on defendant's motion to dismiss the indictment as void for vagueness (Docket No. 64). Defendant, who is charged with producing and transferring identification documents without lawful authority, argues that the charges should be dismissed because the statute he is accused of violating is unconstitutionally vague. The matter has been fully briefed and argued and accordingly is now ripe for disposition.

Defendant argues that the federal statute under which he is charged, 18 U.S.C. § 1028, fails to explain when an identification "appears to be issued" by the United States, and that this ambiguity renders the law unconstitutionally vague. Indeed, it is true, as defendant notes, that federal criminal statutes run afoul of the Due Process Clause of the Fifth Amendment when they (i) do not provide adequate notice to a person of ordinary intelligence of the criminality of their conduct or (ii) are so vague as to encourage arbitrary and discriminatory enforcement. *See United States v. Sun*, 278 F.3d 302, 309 (4th Cir. 2002) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983); *Buckley v. Valeo*, 424 U.S. 1, 77 (1976)). Yet, it is also true that "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *Id.* (quoting *United States v. Mazurie*, 419 U.S. 544, 550

-1-

(1975)). Accordingly, a statute that does not implicate First Amendment rights can only be challenged for vagueness on an as-applied, and not a facial, basis.[1] Moreover, the Fourth Circuit has concluded that the provisions of 18 U.S.C. § 1028 which cover only identification documents that appear to be issued by a governmental entity do not implicate a First Amendment right. *United States v. Cline*, 286 F. App'x 817, 820 (4th Cir. 2008). Thus, a facial challenge is inappropriate in these circumstances and the vagueness attack "is confined to 'the facts of the case at hand.'" *Id.* (quoting *Sun*, 278 F.3d at 309).

Defendant's argument that the statute is unconstitutionally vague as applied to him is unpersuasive. Defendant offers no legal argument, but instead only speculation, that a person of ordinary intelligence would not be able to determine when an identification document "appears to be" issued by the United States, and when it does not. Moreover, at this pretrial stage in the proceedings, the factual record is simply too undeveloped to sustain an as-applied challenge on these grounds.[2] Accordingly, defendant's motion to dismiss is properly denied.

Accordingly, and for the reasons stated from the bench,

It is hereby **ORDERED** that defendant's motion to dismiss the indictment as void for vagueness (Docket No. 64) is **DENIED**.

---

[1] *See also Wash. State Grange v. Wash. State Republican Party*, 128 S. Ct. 1191 (2008) (noting that facial challenges are disfavored because they "often rest on speculation" and "raise the risk of premature interpretation of statutes on the basis of factually barebones records" (internal quotation marks omitted)).

[2] Defendant is free to renew his argument in a motion for judgment pursuant to Rule 29, Fed. R. Crim. P., at the close of evidence.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
October 23, 2009

_____
T. S. Ellis, III
United States District Judge