IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                              )<br>)<br>RICHARD EARL JAENSCH, )<br>Defendant.           ) | No. 1:09cr284 |

## ORDER

The matter came before the Court for a final pretrial hearing. Defendant is charged with unlawfully producing and transferring identification documents in violation of 18 U.S.C. §§ 1028(a)(1) and 1028(a)(2). This Order memorializes and elaborates upon rulings issued from the bench at the conclusion of the hearing held on October 27, 2009.

On October 24, 2009, the government filed a motion *in limine* to strike defendant's proposed expert witnesses, Professor Jonathan Siegel and Mr. James Harper (Docket No. 92). During the course of the pretrial hearing, defendant, by counsel, represented that he no longer intends to call Professor Siegel to testify at trial. Accordingly, the government's motion is appropriately denied as moot with respect to Professor Siegel.

Defendant, by counsel, indicated during the course of the hearing that Mr. Harper, whom he claims to be an expert on national policy concerning identification documents, would testify if called at trial that the identifications in question do not appear to be issued by or under the authority of the United States, an element of the offenses with which defendant is charged. The government argues that such testimony is inadmissible because (i) it is irrelevant pursuant to Rule 401, Fed. R. Evid., (ii) assuming, *arguendo*, that it is relevant, its probative value is

substantially outweighed by the danger of unfair prejudice pursuant to Rule 403, Fed. R. Evid., and (iii) it does not concern appropriate subject matter for expert testimony pursuant to Rule 702, Fed. R. Evid. During the course of oral argument, it became clear that a hearing should be held pursuant to Rule 104, Fed. R. Evid. and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), to determine whether Mr. Harper may testify as an expert before the jury. Accordingly, the government's motion with respect to Mr. Harper should be deferred until such a hearing is held after the close of the government's case in chief.

On October 21, 2009, defendant filed a motion *in limine* to exclude evidence concerning defendant's tax returns (Docket No. 75). In his motion, defendant argues that such records are irrelevant to the issues at trial, and that to the extent they are relevant, their probative value is substantially outweighed by the danger of unfair prejudice to him pursuant to Rule 403, Fed. R. Evid. During the course of the pretrial hearing, the government indicated that it no longer plans to introduce the tax returns during its case in chief. Accordingly, defendant's motion should be denied as moot.[1]

Defendant also filed a motion *in limine* to exclude evidence concerning two civil lawsuits: one filed in the United States District Court for the Eastern District of Virginia, and another in the Fairfax County Circuit Court (Docket No. 100). During the course of the hearing, the government represented that it would not present evidence concerning the federal lawsuit during its case in chief. Accordingly, defendant's motion is appropriately denied as moot with respect to the action filed in federal court.

---

[1] It is worth noting that if defendant testifies, the government may, if it chooses, ask him about his tax returns to the extent that such questions relate to his character for truthfulness as a trial witness. Rule 608(b), Fed. R. Evid.

The Fairfax County Circuit Court proceeding was a creditor's suit filed by Bank of America against defendant. The parties agree that defendant appeared in the proceedings, and that he presented one of the identification documents in question to R. Terrence Ney, the judge in that case, and Judge Ney thereafter returned the identification document to defendant. The parties further agree that at some point thereafter defendant was held in contempt for failure to answer interrogatories, at which point the belongings he had with him—including one of the identification documents in question—were confiscated. Finally, the parties agree that when defendant's belongings were returned to him, the identification document was not. The government seeks to adduce evidence at trial to this effect. Specifically, it argues that this evidence is relevant (i) to defendant's production of the identification document, (ii) to his transfer of said document, and (iii) to his knowledge that he lacked lawful authority to produce or transfer the document. Defendant argues that evidence concerning the prior proceeding is not relevant to this case, and, assuming that it is, the danger of unfair prejudice to defendant of adducing this evidence at trial substantially outweighs any such relevance.

It is true that the facts (i) that defendant was sued by an apparent creditor, and (ii) that he was held in contempt during the course of those proceedings, bear little, if any, relevance to the instant matter. Moreover, the danger of unfair prejudice to the defendant from presenting evidence to this effect at trial would substantially outweigh its limited probative value. Thus, such evidence is properly excluded pursuant to Rules 401 and 403, Fed. R. Evid. Accordingly, in referring to the Fairfax County Circuit Court case at trial, the government should not specify the nature of the action nor refer to the contempt order; rather, it should refer to the case only generically as a "legal proceeding." Nonetheless, the evidence (i) that defendant presented the

identification document to the judge, and (ii) that it was withheld when the rest of his belongings were returned to him, does tend to prove that defendant produced or transferred the document and that he knew that it was produced without lawful authority. Thus, this evidence is relevant, and the danger of unfair prejudice does not substantially outweigh the probative value. Accordingly, the government may adduce such evidence at trial.

Additionally, the government seeks to introduce evidence relating to the arguments made by defendant during the course of the Fairfax County Circuit Court proceedings. Specifically, defendant argued during those proceedings that he possesses diplomatic immunity pursuant to the Vienna Convention on Diplomatic Relations and that he is a head of state who is shielded from civil suit by the Act of State Doctrine. The government argues that this evidence tends to prove, as required under 18 U.S.C. §§ 1028(a)(1) and 1028(a)(2), that the identification document was produced without lawful authority and, as required under § 1028(a)(2), that defendant *knew* that the document was produced without lawful authority. In other words, the government contends that this evidence supports the conclusion that defendant produced an identification document that appeared to have been issued under authority of the United States when he knew that it was not produced under any such lawful authority. Accordingly, the government argues, such evidence is relevant and admissible. Indeed, evidence pertaining specifically to defendant's attempts to assert diplomatic status is relevant (i) to whether he had lawful authority to produce the identification and (ii) to defendant's state of mind. Thus, such evidence is admissible.

Under § 1028(a)(1), the government must prove (i) that defendant knowingly produced an identification document (ii) without lawful authority, and (iii) that the document appeared to be

issued by or under authority of the United States. Moreover, under § 1028(a)(2), the government must further prove (i) that defendant transferred such document, and (ii) that when he did so, he did so knowing that the document was produced without lawful authority. Thus, one who merely produces a private, non-governmental, non-fraudulent identification card, such as those used by corporations to identify their employees, would not be criminally liable under the provisions of § 1028. On the other hand, one who produces an identification appearing to be issued by the United States, despite lacking lawful authority to do so, and with the intent to use it in order to secure diplomatic privileges, would be in violation of one or both provisions of the statute. Thus, evidence tending to prove that defendant did not seek merely to produce a private, non-governmental identification document, but instead produced said document with the purpose of fraudulently securing diplomatic privileges, is clearly relevant under Rule 401, Fed. R. Evid. Accordingly, evidence of defendant's prior court statements in which he presents himself as a diplomat who "lawfully enjoy[s] absolute immunity" is evidence of a common plan or scheme relevant to the offenses with which defendant is charged. Gov't's Ex. 28 at 16. Such evidence is admissible under Rule 404(b), Fed. R. Civ. P., when it is (i) relevant, (ii) necessary in the sense that it is probative of an essential claim or element of the offense, (iii) reliable, and (iv) of such probative value that it is not substantially outweighed by the danger of unfair prejudice. *United States v. Gray*, 405 F.3d 227, 239 (4th Cir. 2005). These requirements are clearly met as to defendants' assertions of diplomatic immunity in the Fairfax County Circuit Court proceedings.[2]

---

[2] Specifically, Government's Exhibit 28, a pleading filed in Fairfax County Circuit Court in which defendant asserts, in great detail, his contention that he is immune from suit under the Vienna Convention on Diplomatic Relations and the Act of State Doctrine, is admissible "common scheme" evidence under Rule 404(b), Fed. R. Evid.

Yet, these requirements are not met as to statements that do not specifically pertain to defendant's claim of diplomatic immunity, but rather to more tangential matters such as the oft-recited "tax protestor" arguments concerning the unconstitutionality of the income tax. The relevance and necessity of those arguments are far more tenuous, and their introduction would heighten the risk that the jury would treat the evidence for an inappropriate propensity-related purpose.

Defendant further requested that a subpoena be issued to Judge Ney, the Fairfax County Circuit Court Judge who presided over the Bank of America proceeding (Docket No. 98). In an affidavit submitted by defendant, Judge Ney avers that during those proceedings, at some point he asked defendant for identification, and that defendant provided the identification document in question in response to that request. Judge Ney further states that it was immediately apparent to him that the identification in question was not issued by the United States, and that defendant made no effort to present himself to the judge as a diplomat or foreign head of state. Finally, Judge Ney notes that he returned the identification to defendant after examining it. During the course of the pretrial hearing, the parties agreed that none of the factual contentions contained in the affidavit are disputed by the parties and, moreover, they can be accurately recounted by another witness who was present at the time. In addition, it was observed by the Court that Judge Ney's opinion of whether the identification in question was issued by the United States is not relevant to any issue at trial. In light of these observations, defendant withdrew his request for issuance of a subpoena to Judge Ney. Accordingly, defendant's request is appropriately denied as moot.

Finally, defendant requests a continuance of the trial (Docket No. 101) "in light of the

prosecution's late production of discoverable evidence." Def.'s Mot. to Cont. at 1. Notably, defendant does not allege any specific violations of *Brady*, *Giglio*, *Jencks*, or the standard discovery order issued in this case. Defendant does allege two specific violations of Rule 902(11)(C), Fed. R. Evid., because of the government's purported failure to provide adequate notice of its intent to use certifications or declarations concerning regularly conducted business activity—in this case, certifications of Federal Express and the Virginia Department of Motor Vehicles. *See* Gov't Exs. 22 & 23. During the course of the hearing, the government offered to withdraw Exhibit 22, the Federal Express record. Moreover, the government indicated that it intended to call a witness at trial to authenticate Exhibit 23, the Virginia Department of Motor Vehicles Record. Accordingly, Rule 902(11)(C) does not apply with regard to Exhibit 23. Thus, Rule 902(11)(C) does not form a proper basis for grant of a continuance. Indeed, considering (i) that he has not one, but two defense lawyers, and (ii) the five-week continuance previously granted in this matter, defendant offers no "justifiable reason" for any further delay in defendant's trial. *United States v. Williams*, 445 F.3d 724, 738 (4th Cir. 2006). Accordingly, defendant's motion for a continuance must be denied.

Accordingly, and for the reasons stated from the bench,

It is hereby **ORDERED** that the government's motion *in limine* to strike defendant's proposed expert witnesses, Professor Jonathan Siegel and Mr. James Harper (Docket No. 92) is **DEFERRED IN PART** with respect to Mr. Harper and **DENIED AS MOOT IN PART** with respect to Professor Siegel.

It is further **ORDERED** that defendant's motion *in limine* to exclude evidence concerning defendant's tax returns (Docket No. 75) is **DENIED AS MOOT**.

It is further **ORDERED** that defendant's motion *in limine* to exclude evidence concerning a civil lawsuit in the United States District Court for the Eastern District of Virginia and a civil lawsuit in the Fairfax County Circuit Court (Docket No. 100) is **GRANTED IN PART, DENIED IN PART, and DENIED AS MOOT IN PART**. Accordingly, the government may adduce evidence, consistent with this Order, concerning the Fairfax County Circuit Court proceedings insofar as such evidence tends to prove defendant's production and transfer of the identification documents at issue, and his knowledge that production of said documents was unlawful. Moreover, the government may adduce evidence specifically related to defendant's assertions of diplomatic immunity in those proceedings. Nonetheless, the government may not refer to the nature of the civil proceedings nor the fact that defendant was held in contempt. Additionally, defendant's motion is **DENIED AS MOOT** with respect to prior civil proceedings in the United States District Court for the Eastern District of Virginia.

It is further **ORDERED** that defendant's request for issuance of subpoena (Docket No. 98) is **DENIED AS MOOT**.

It is further **ORDERED** that defendant's motion for continuance of trial (Docket No. 101) is **DENIED**.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
October 27, 2009

/s/
**T. S. Ellis, III**
**United States District Judge**